IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

**DANNY MCGLOTHLIN, et al.**                                                              **PLAINTIFFS**

v.                                    NO. 1:11-CV-55 JMM

**FRANK DRAKE, et al.**                                                                    **DEFENDANTS**

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS UNDER RULES 12(B)(1) AND 12(B)(6)**

**INTRODUCTION**

Around 2004, plaintiff Danny McGlothlin approached defendant Cequent Performance Products, Inc. ("Cequent") to solicit business on behalf of McGlothlin's company, defendant MCB & Installation Services, Inc. ("MCB"). McGlothlin made his sales pitch to Cequent engineer, defendant Frank Drake. Upset that Cequent had no interest in MCB's trailer jacks, plaintiffs – nearly eight years later – have sued Cequent and Mr. Drake. But because neither Mr. Drake nor Cequent have done anything conceivably unlawful or actionable, plaintiffs cannot supply any factual allegations to state a plausible claim against Mr. Drake or Cequent. The Court, therefore, should dismiss the fatally flawed complaint entirely.

**BACKGROUND**

**I.      The Inventors, Patents, and Businesses at Issue**

McGlothlin is the named inventor of U.S. Patent No. 7,311,331 ("the '331 patent"), a utility patent that claims a "Method and Apparatus for Raising and

Lowering a Trailer." (Compl., ¶ 1, Ex. A.). McGlothlin no longer owns the '331 patent because he assigned it to his business MCB. (*Id.*) Collectively, McGlothlin and MCB are "Plaintiffs." The '331 patent claims a motor-driven trailer jack.

Cequent is a Delaware corporation, with a principal place of business in Michigan. Cequent makes and sells a wide variety of towing and trailer products. Frank Drake, a Wisconsin resident, is an engineer who works for Cequent at its Trailer Division in Mosinee, Wisconsin. (*See* Compl. ¶ 1.) Cequent owns U.S. Patent Nos. D560,324 and D561,424 (collectively, "the Cequent Design Patents"). (*Id.* ¶ 1.)[1] Both Cequent Design Patents claim only an ornamental design. *See* 35 U.S.C. § 171. In contrast, MCB' '331 patent is a utility patent, which claims the mechanical structure and function of a device. *See Carman Indus., Inc. v. Wahl*, 724 F.2d 932, 939 n.13 (Fed. Cir. 1983) (explaining difference between design and utility patents).

## II. Plaintiffs' Complaint

### A. Summary Of Plaintiffs' Complaint

Plaintiffs base their complaint entirely upon their allegation that McGlothlin showed a trailer jack to Cequent in Wisconsin in 2005. (Compl. ¶ 4.) According to Plaintiffs, that trailer jack was a "trade secret." (*Id.* ¶ 5.) Yet Plaintiffs do not allege that Cequent or Mr. Drake signed a confidentiality or non-disclosure agreement, or that they had any obligation to keep what McGlothlin showed them secret. Therefore, Plaintiffs'

---

[1] True copies of the Cequent Design Patents are attached as **Exhibit A** and **B**. Although MCB did not attach copies of the Cequent Patents to its complaint, the Court may consider them in deciding this motion because those documents are "necessarily embraced by the complaint." *Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (documents "'necessarily embraced by the complaint' are not matters outside the pleading" in Rule 12 motion practice).

non-confidential disclosure to defendants waived whatever trade secret protection it may have had. Moreover, Plaintiffs separately waived any trade secret protection when they publicly disclosed the trailer jack to the world and applied for a patent. Those acts foreclosed any trade secret possibilities. *See BondPro Corp. v. Siemens Power Generation, Inc.*, 463 F.3d 702, 707-08 (7th Cir. 2006) ("Publication in a patent destroys the trade secret.")

B. **Plaintiffs' Causes Of Action**

Although difficult to discern, viewing Plaintiffs' allegations in a light most favorable to them, their complaint appears to assert the following causes of action:

1. **Declaratory Judgment -- Invalidity.** Plaintiffs seek a declaration that the Cequent Design Patents are invalid. (Compl. ¶ 1 ("Plaintiffs seek declaratory judgment on invalidity of the Drake patents"), ¶¶ 8, 12.)

2. **Patent Interference.** Plaintiffs assert a patent interference claim under 35 U.S.C. § 291. (Compl. ¶ 1.) Apparently, Plaintiffs seek a declaration that its '331 patent and the Cequent Design Patents claim the same subject matter.

3. **Patent Infringement.** Plaintiffs assert patent infringement against all defendants, apparently based on its allegation that Cequent's design "patents infringe upon Plaintiff's patent" and that "Cequent has marketed, sold, and distributed the invention at issue throughout the United States, including Arkansas." (*See* Compl. ¶ 7, 7a.)

4. **Theft Of Trade Secrets.** Plaintiffs assert claims under Wisconsin's and Arkansas' Trade Secret Acts. (Compl. ¶¶ 16-19.) Plaintiffs apparently contend that the trailer jack McGlothlin showed Cequent in Wisconsin was somehow a trade secret (*id.* ¶ 4), despite Cequent having no obligation to keep what it saw a secret.

5.  **Tortious Interference.** Plaintiffs claim that defendants tortiously interfered with contracts that it allegedly had with "Big Tex" and "Road Systems." (Compl. ¶ 21.)

As explained below, because Plaintiffs have failed to allege sufficient facts to support any of these causes of action, the Court should dismiss this case entirely.

## LAW AND ARGUMENT

### I.  A Complaint Must Allege Enough Facts To State A Claim

The court must dismiss an action that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a pleading must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), quoting, *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A plaintiff states a plausible claim only if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." *Id.*; *see also Schmidt v. Des Moines Public Schools*, 655 F.3d 811, 816 (8th Cir. 2011).

While the court presumes at the pleading stage that factual allegations are true, it will not apply a presumption of truth to conclusory allegations, legal conclusions couched as factual allegations, or implausible inferences. *See Iqbal*, 129 S.Ct. at 1949-51; *see also Twombly*, 127 S.Ct. at 1964-65. The pleading must do more than offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949-50. To survive, the pleading must allege sufficient facts to satisfy each element of a *prima facie* case. *See id.*

## II. There Is No Subject Matter Jurisdiction Over Plaintiffs' Declaratory Claim

The Court should dismiss Plaintiffs' declaratory claim of patent invalidity because Plaintiffs have not established the "case or controversy" needed to trigger subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). As the parties seeking declaratory relief, Plaintiffs bear the burden of establishing that an actual "case or controversy" exists. *See Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed.Cir. 2007). To do so, at a minimum, Plaintiffs must show that defendants charged them with patent infringement. *See Ass'n for Molecular Pathology v. U.S. Patent & Trademark Office*, 653 F.3d 1329, 1344-45 (Fed. Cir. 2011); *see also SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007). "[D]eclaratory judgment jurisdiction will not arise merely on the basis that party learns of the existence of an adversely held patent, or even perceives that such a patent poses a risk of infringement, in the absence of some affirmative act by the patentee." *Ass'n for Molecular Pathology*, 653 F.3d at 1344.

Defendants have never asserted any patent infringement on the Cequent Design Patents against MCB or McGlothlin. (Drake Decl. ¶ 9.)[2] And Plaintiffs do not allege that they have done so. Furthermore, Mr. Drake could not assert patent infringement because he does not own the Cequent Design Patents. (*See* Comp. ¶ 1.) Therefore, the

---

[2] Mr. Drake's Declaration is attached as **Exhibit C**. The Court can consider Mr. Drake's declaration for purposes of deciding subject matter jurisdiction under Rule 12(b)(1). *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). The court should not consider Mr. Drake's Declaration for deciding arguments brought under Rule 12(b)(6), and therefore should not convert this motion to one for summary judgment.

Court has no subject matter jurisdiction over Plaintiffs' declaratory claim. The Court should dismiss it under Rule 12(b)(1) accordingly.

### III. Plaintiffs Fail To State A Claim For Patent Interference

A patent interference exists only when two patents claim the same subject matter. *Medichem, S.A. v. Rolabo, S.L.*, 353 F.3d 928, 934 (Fed. Cir. 2003). Plaintiffs seek to have an interference declared under 35 U.S.C. § 291 between MCB's '331 *utility* patent and the Cequent *Design* Patents. That interference claim necessarily fails because utility patents and design patents can never "interfere" with each other as they must claim different subject matter. *See Pepitone v. Am. Standard, Inc.*, 983 F.2d 1087 (Table), 1992 WL 336539, at *2 (Fed. Cir. 1992).

Design patents claim only ornamental designs, *see* 35 U.S.C. § 171, and cannot claim structural or functional aspects of a device. *Carman*, 724 F.2d at 939 n.13. Utility patents, on the other hand, claim the mechanical structure and function of an invention. *Id.* Because patents must claim the same subject matter to interfere under § 291, utility patents can never interfere with design patents. *Pepitone*, 1992 WL 336539, at *2. Thus, district courts correctly dismiss interference claims between a utility patent and a design patent. *Id.* (affirming Rule 12(b)(6) dismissal of interference claim between utility and design patent). As Plaintiffs cannot seek an interference between its utility patent and the Cequent Design Patents, the Court should dismiss under Rule 12(b)(6).

### IV. Plaintiffs Fail To State A Patent Infringement Claim

To satisfy Rule 8's pleading standard for patent infringement, Plaintiffs must identify the allegedly infringing product with enough specificity so that Cequent and

Mr. Drake will know what specific Cequent products are accused in this case. *Eidos Communications, LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 467 (D. Del. 2010) (citing *Twombly*). That identification is necessary to state a "plausible" patent infringement claim under *Twombly* and to give defendants "fair notice" of what claims have been asserted against them. *See Trading Technologies Int'l v. BCG Partners, Inc.*, Nos. 10 C 715, et al., 2011 WL 1706136, at *3 (N.D. Ill. May 5, 2011).

Thus, district courts correctly dismiss patent claims when a plaintiff does not identify which of defendant's products are accused of infringing. *E.g.*, *Trading Technologies*, 2011 WL 1706136, at *3 (dismissing patent claims made against "products covered by the claims" as too general); *Bender v. LG Electronics U.S.A., Inc.*, No. C 09-02114, 2010 WL 889541, at *2, 6 (N.D. Cal. Mar. 11, 2010) (dismissing patent claims against "mobile phones," "Plasma" and "LCD" "TVs," etc. as too general where LG sold many types of phones and televisions).

Plaintiffs do not identify which of Cequent's hundreds of products allegedly infringe. Rather, they state only that "Cequent has marketed, sold, and distributed the invention at issue throughout the United States, including Arkansas." (Compl. ¶ 7.) This is insufficient because a plaintiff cannot identify defendant's goods in terms of the plantiff's patent (*e.g.*, the "invention"), but instead must address its allegations to actual products made, used, or sold by the defendant. *Trading Technologies*, 2011 WL 1706136, at *3. Plaintiffs' vague allegations fail to state a plausible claim and fails to give Cequent or Mr. Drake the necessary "fair notice" as to what Cequent products are at issue.

Cequent has a catalog of hundreds of jack devices, none of which look anything like the invention shown in the '331 patent. Indeed, Plaintiffs are unable to identify any specific Cequent product because no Cequent product could conceivably infringe the '331 patent. Because Plaintiffs have not identified, and cannot identify, any Cequent product that allegedly infringes, the Court should dismiss the patent infringement claim under Rule 12(b)(6).[3]

Finally, because Mr. Drake does <u>not</u> sell any products personally, Plaintiffs cannot plausibly allege a patent infringement claim against him individually. This claim should be dismissed against him on that basis as well.

## V.    Plaintiffs Fail To Allege Any Misappropriation Of A Trade Secret

### A.    Plaintiffs Fail To Adequately Describe A Purported "Secret"

Plaintiffs' apparent allegation that MCB's trailer jack is a trade secret is beyond vague. (*See* Compl. ¶ 4.). Plaintiffs do not say what aspect of the trailer jack is a trade secret. That vagueness alone justifies dismissal of that claim. *See, e.g., Baden Sports, Inc. v. Wilson Sporting Goods Co.*, No. C11-0603, 2011 WL 3158607, at *2 (W.D. Wash. July 26, 2011) (dismissing trade secret claim because plaintiff's mere identification of a device did not provide the necessary details about what features were trade secret).

Separate from that, Plaintiffs have failed to state a claim for trade secret misappropriation under Wisconsin's and Arkansas' Trade Secrets Acts because they

---

[3] Plaintiffs' failure to identify any Cequent product as infringing raises serious questions as to whether, prior to filing suit, Plaintiffs' attorneys compared the claims of the '331 patent to an actual Cequent product as required by Rule 11. *See Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1073 (Fed. Cir. 2002).

{3631067;}                                                      8

have not plausibly alleged: (i) a "misappropriation," or (ii) that Plaintiffs made "reasonable efforts to maintain secrecy" of the alleged trade secret. Both states' acts require those elements, among others.

### B. Plaintiffs Fail To Allege A "Misappropriation"

To allege "misappropriation," Plaintiffs must allege either: (1) that the secret was obtained by "improper means"; or (2) defendant had a "duty" to maintain the secret. Ark. Code § 4-75-601(2); Wis. Stat. § 134.90(2). Courts correctly dismiss trade secret claims that lack plausible factual allegations of "improper means" or that a duty of secrecy existed. *E.g., Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 264 F. Supp. 2d 1064, 1077 (S.D. Fla. 2003) (dismissing trade secret claim where plaintiff had not sufficiently alleged "improper means" or "duty").

Plaintiffs merely alleging "improper means" and a "duty" of secrecy is of no import because those conclusions lack any supporting factual allegations. They are no more than "labels and conclusions" prohibited by *Twombly* and *Iqbal*. *Iqbal*, 129 S.Ct. at 1949. They are not presumed true. *Id.* at 1950. Otherwise, the complaint lacks any plausible allegation that Mr. Drake, Cequent, or anyone else employed any "improper means," which the statutes define as "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage." Ark. Code § 4-75-601(1); *accord* Wis. Stat. § 134.90(1)(a). Likewise, the complaint lacks any plausible allegation that Mr. Drake or Cequent had any duty of secrecy with regard to the trailer jack that McGlothlin allegedly showed them in Wisconsin. Importantly, Plaintiffs do not allege (and cannot allege) that either defendant signed a non-disclosure or

confidentiality agreement. Because Plaintiffs have not pled a plausible "misappropriation," the Court should dismiss.

### C. Plaintiffs Fail To Allege That They Protected Their Purported Secret

The third reason the Court should dismiss is that Plaintiffs failed to plead reasonable efforts on their part to maintain secrecy of the alleged trade secrets, as both statutes require. Ark. Code § 4-75-601(4)(B); Wis. Stat. § 134.90(1)(c)(2). To the contrary, Plaintiffs allege that they willingly showed Mr. Drake and Cequent the invention. (Compl. ¶ 4.) District courts have correctly dismissed complaints where, as here, plaintiff alleges that it disclosed the alleged trade secret to defendants, but does not allege any enforceable contractual obligation of confidentiality, such as a non-disclosure agreement. *E.g.*, *Greenberg*, 264 F. Supp. 2d at 1076-77; *Deagan v. Strategic Azimuth LLC*, 768 F. Supp. 2d 107, 112 (D.D.C. 2011) (holding that trade secret protection was lost when defendant disclosed secret in brochure to third-party, despite brochure stating information was "Strictly Confidential and Proprietary").

Furthermore, Plaintiffs allege that they published the alleged trade secret to the world by applying for and obtaining a patent on the alleged "trade secret" (Compl. ¶ 1-4, Ex. A). "Publication in a patent destroys the trade secret." *BondPro Corp. v. Siemens Power Generation, Inc.*, 463 F.3d 702, 707-08 (7th Cir. 2006). For those reasons, the Court should dismiss the trade secret claims under Rule 12(b)(6).

VI. **Plaintiffs Fail To Sufficiently Allege Tortious Interference**

    A. **Failing To Allege All Essential Elements Requires Dismissal**

Plaintiffs have not stated a claim for tortious interference against Mr. Drake or Cequent because they has not plausibly alleged that either party used any "improper means" or that they had knowledge of MCB's alleged "contracts." A plaintiff must sufficiently plead both of those elements to state a claim for tortious interference. *See Faulkner v. Ark. Children's Hosp.*, 69 S.W.3d 393, 405 (Ark. 2002) (identifying required claim elements). Courts correctly dismiss tortious interference claims when plaintiffs do not sufficiently allege all required elements. *See, e.g.*, *Tempur Tempur-Pedic Intern'l, Inc. v. Waste to Charity, Inc.*, No. 07-2015, 2007 WL 2177142, at *4 (W.D. Ark. July 27, 2007) (dismissing tortious interference claim because plaintiff did not allege defendant's "knowledge" of contracts).

    B. **Plaintiffs Fail To Allege "Improper" Conduct By Defendants**

First, while Plaintiffs allege – albeit falsely – that Mr. Drake and Cequent tortiously interfered through theft of trade secrets and patent infringement, that cannot satisfy the "improper" conduct element. (Compl. ¶ 21-22.) That is because, as explained above, those are unsupported conclusions that enjoy no presumption of truth under *Twombly* and *Iqbal*. Plaintiffs must provide plausible and well support factual allegations of "improper" conduct, which they cannot do. But separate from that, Plaintiffs cannot rely on theft of trade secrets or patent infringement to state a claim for tortious interference because both claims have preemption rules that prohibit that.

In other words, Plaintiffs cannot sue for tortious interference based on alleged trade secret theft because – by their own terms – Arkansas' and Wisconsin's Trade Secrets Act state that the exclusive remedy for alleged trade secret theft is under the Trade Secret Act. Ark. Code § 4-75-602; Wis. Stat. § 134.90(6); *see also Texarkana Behavioral Assocs., L.C. v. Univ. Health Servs., Inc.*, 748 F. Supp. 2d 1008, (W.D. Ark. 2010) ("to the degree [plaintiff] seeks to recover under different tort causes of action for the same conduct alleged in its misappropriation of trade secrets claim, those claims are preempted"). Courts therefore correctly dismiss tortious interference claims that are based on alleged theft of trade secrets. *E.g.*, *Automed Techs., Inc. v. Eller*, 160 F. Supp. 2d 915, 921-22 (N.D. Ill. 2001). The Court should dismiss for the same reason here.

Similarly, the Patent Act provides the exclusive remedy for alleged patent infringement. *See Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1377-78 (Fed. Cir. 2005) (holding state law claim preempted by Patent Act); *Smith v. Healy*, 744 F. Supp. 2d 1112, 1117-23 (D. Or. 2010) (same). Thus, Plaintiffs cannot rest their tortious interference claim upon alleged patent infringement. The Patent Act provides the exclusive remedy for that alleged wrong. Thus, the Court should dismiss Plaintiffs' tortious interference claim under Rule 12(b)(6).

### C. Plaintiffs Do Not Allege "Knowledge" Of MCB's Supposed Contracts

Second, Plaintiffs have not alleged that Mr. Drake or Cequent had any knowledge about MCB's alleged "contracts" with "Big Tex" and "Road Systems." (Compl. ¶ 21.) As defendant's "knowledge" is required to state a tortious interference claim, courts correctly dismiss such claims that lack a well supported knowledge

allegation. *See Tempur-Pedic*, 2007 WL 2177142, at *4. Because Mr. Drake and Cequent had no knowledge of MCB's contracts, they could not possibly have interfered with those alleged contracts. The Court should dismiss this claim on that second, independent ground as well.

**VII.   All Of McGlothlin's Claims Should Be Dismissed For Lack Of Standing**

The Court should dismiss every claim asserted by McGlothlin under Rule 12(b)(1) because he lacks standing to assert any of those claims as an individual.

Only a patent owner has standing to bring patent infringement and interference claims. *See Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005) (holding that only "patentee" may sue for infringement); 35 U.S.C. § 291 (permitting "owner of an interfering patent" to sue for interference). Because McGlothlin admits that he assigned his ownership in the '331 patent to MCB (Compl. ¶ 1), he has no standing to asserted patent-based claims. The Court should dismiss them accordingly.

McGlothlin also has no standing to seek a declaratory judgment of invalidity on the Cequent Design Patents because neither Mr. Drake nor Cequent ever tried to enforce any patent rights against McGlothlin. (Drake Decl. ¶ 9.); *see Ass'n for Molecular Pathology v. U.S. Patent & Trademark Office*, 653 F.3d 1329, 1344-45 (Fed. Cir. 2011) (stating standing requirement for declaratory actions). Indeed, since McGlothlin does not actually make, use, sell, offer to sell, or import any goods as an individual, it is implausible that any patentee would ever assert patent rights against him as an individual. The Court should dismiss McGlothlin's declaratory claim.

Lastly, McGlothlin has no standing to assert trade secret and tortious interference claims because Plaintiffs allege only business-related damages, such as MCB's purported lost sales. (*See* Compl. ¶ 23.) McGlothlin lacks standing because he does not allege any personal damages separate and distinct from MCB's alleged damages. *See Charles Brooks Co. v. Georgia-Pacific, LLC*, 552 F.3d 718, 722-23 (8th Cir. 2009) (affirming dismissal of individual plaintiff because he failed to allege "an injury separate and distinct from the corporations"). The Court also should dismiss McGlothlin's trade secret and tortious interference claims.

### VIII. Plaintiffs' Patent-Based Claims Against Mr. Drake Also Should Be Dismissed Because He Does Not Own The Patents At Issue

A claim seeking a declaration of patent invalidity can only be asserted against one owning a legal interest in the patent. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (holding that, for declaratory action to exist, the parties must have "adverse legal interests"); *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1480-81 (Fed. Cir. 1998) (no controversy exists where defendants in declaratory action have "no legal interest [in the patents at issue] and therefore could not bring suit for patent infringement"). Likewise, under 35 U.S.C. § 291, only an "owner" of a patent can be sued in a patent interference action. *See also* 35 U.S.C. § 146, paragraph 2 (allowing interference action only against "the party in interest").

Since Mr. Drake assigned all of his interest in the Cequent Design Patents to Cequent, he has no legal interest in them. (Compl. ¶ 1; Drake Decl. ¶ 6-7.) Thus, plaintiffs cannot sue Mr. Drake for declaratory judgment on patent invalidity or for

patent interference. *See Top Victory Elect. v. Hitachi Ltd.*, No. C 10-01579 CB, 2010 WL 4722482, at *2-3 (N.D. Cal. Nov. 15, 2010) (dismissing declaratory action where defendant had previously assigned patent). The Court, therefore, should separately dismiss these claims against Mr. Drake on this additional basis under Rule 12(b)(1).

## CONCLUSION

For the foregoing reasons, the Court should dismiss the entire complaint against Mr. Drake and Cequent.

Dated: March 2, 2012

Respectfully submitted,

MCDONALD HOPKINS LLC
David B. Cupar
Matthew J. Cavanagh
601 Superior Ave., East, Suite 2100
Cleveland, Ohio 44114
t 216.348.5400 / f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Attorneys for Cequent Performance
Products, Inc. and Frank Drake

By:  /s/ Matthew J. Cavanagh
Matthew J. Cavanagh
Ohio Bar No. 0079522