**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

**DANNY MCGLOTHLIN, et al.**                                   **PLAINTIFFS**

**v.**                               **NO. 1:11-CV-55 JLH**

**FRANK DRAKE, et al.**                                  **DEFENDANTS**

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS UNDER RULES 12(B)(1) AND 12(B)(6)**

Defendants Cequent Performance Products, Inc. and Frank Drake (collectively, the "Defendants") submit this Reply Brief in Support of Defendants' Motion to Dismiss under Rule 12(b)(1) and 12(b)(6) (ECF # 26) for the Court's use and consideration in ruling on that motion.

**I.**      **Plaintiffs Have Not Overcome Defendants' Rule 12(b)(6) Grounds**

         **A.**      **Plaintiffs Cannot Unilaterally Convert
Defendants' Motion To A Summary Judgment Motion**

Defendants' opening brief established how plaintiffs' complaint lacks the factual allegations needed to state a claim. (*See* Defendants' Brief in Support, ECF # 27 ("Br. in Sup.").) In doing so, Defendants confined their Rule 12(b)(6) grounds to the complaint and relied on nothing outside of it. Urging the Court to look anywhere but their deficient complaint, plaintiffs Danny McGlothlin and MCB Sales & Installation Services, Inc. (collectively, the "Plaintiffs") rely almost entirely upon a declaration by McGlothlin. (ECF # 34.) Plaintiffs incorrectly assume that they can bypass their requirements in the pleadings stage and somehow unilaterally convert Defendants' motion to one for summary judgment. Plaintiffs misunderstand the law.

First, only the Court – not a party – decides whether to treat a motion to dismiss as one for summary judgment under Rule 12(d), and the Court ordinarily does so only if the <u>movant</u> relies upon matters outside the complaint. *See, e.g.*, *Pennino v. Selig*, 258 F. Supp. 2d 914, 925-26 (W.D. Ark. 2003). When, as here, the movant attacks the sufficiency of the complaint, the non-moving plaintiff cannot supplement its deficient complaint with a declaration and then unilaterally attempt to convert the motion to one for summary judgment. *Ranch Realty, Inc. v. DC Ranch Realty, LLC*, 614 F. Supp. 2d 983, 988 (D. Ariz. 2007) (denying non-movant's attempt to convert dismissal motion to one for summary judgment); *FDIC v. Bonded Lightning Protection Sys., Inc.*, No. 07-80767-CIV, 2008 WL 5111260, at *3 (S.D. Fla. Dec. 3, 2008) (same).

Like Plaintiffs here, the plaintiff in *Pennino* responded to a motion to dismiss by submitting a declaration and trying to convert the dismissal motion to one for summary judgment. *Pennino*, 258 F. Supp. 2d at 925-26. Calling that a "perplexing" move, the court refused to convert the motion and considered the declaration only to decide whether to grant leave to amend the complaint. Because the declaration also failed to state a claim, the court ruled that adding the declaration's averments to the complaint would be futile, did not allow plaintiff to amend, and dismissed with prejudice. *Id.*

Because Defendants here solely relied upon the insufficiency of the complaint without additional evidence, the Court here can decide the motion on Rule 12(b)(6) grounds without converting Defendants' motion to a Rule 56 motion. *See Lawrence v. Pile*, No. 4:08CV03615 JLH, 2009 WL 331314, at *1 (E.D. Ark. Feb. 9, 2009) ("where the court is able to exclude the outside evidence in making its ruling, the motion to dismiss

need not be converted into a motion for summary judgment"). While Defendants submitted Frank Drake's declaration, as Defendants explained, they relied on it only to argue the Rule 12(b)(1) portion of their motion. (Br. in Sup. at  5 n.2.) A declaration in support of Rule 12(b)(1) dismissal does not convert the motion to one for summary judgment. *See Green v. Skulute*, 839 F. Supp. 797, 800 (D. Wyo. 1993); *see also Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (court may consider declarations to decide Rule 12(b)(1) motion). Thus, the Court should not convert Defendants' motion to one for summary judgment. And because McGlothin's declaration fails to state any viable claim, as in *Pennino*, the Court should dismiss with prejudice and deny Plaintiffs leave to amend and plead the declaration's averments in an amended complaint.

### B.  Plaintiffs' Patent Infringement Claim Fails

Defendants moved to dismiss Plaintiffs' patent infringement claim because it failed to identify an infringing Cequent product. In response, Plaintiffs identify – for the first time – a Cequent product (a Bulldog® motor kit). (Plaintiffs' Brief In Opposition at 3, ECF # 35 ("Br. in Opp.").) But that cannot save their deficient infringement claim because legal arguments are no substitute for allegations in a complaint. *See* Fed. R. Civ. P. 8(a)(2); *Gandhi v. Sitara Cap. Mgmt., LLC*, 689 F. Supp. 2d 1004, 1016 (N.D. Ill. 2010); *see also Pennino*, 258 F. Supp. 2d at 925-26. The cases cited by Defendants – which Plaintiffs do not dispute – establish that, at a minimum, a complaint for patent infringement must identify defendant's product. (Br. in Sup. at 7.) Because the complaint fails to do so, the Court should dismiss.

Also, the Court should not allow Plaintiffs to amend their complaint to add the Cequent motor kit they now identify to their complaint because it is impossible for that product to infringe the '331 patent. One reason is that every claim of the '331 patent requires that an intermediate "cross member" connect the motor's "drive shaft" to each jack. (*See, e.g.,* '331 patent, col. 7, ll. 51-54, 59-62.) Figure 2 from the '331 patent shows this claimed configuration, with the cross member "affixed" to the drive shaft at area **60**:



**Figure 2 from the '331 Patent**
(Attached as Exhibit to Complaint)

In contrast to what the '331 patent claims, the Cequent drive shaft connects directly to the jack without an intermediate "cross member" component:



**Photograph of Cequent Accused Product**
(Attached as Exhibit to Plaintiffs' Response, ECF # 34-1, pg. 22)

Because the Cequent motor kit does not have a "cross member" in between the drive

shaft and jack, it cannot plausibly infringe the '331 patent, directly or indirectly.[1] Thus,

it would be futile for Plaintiffs to amend their patent infringement claim, and the Court

should dismiss it with prejudice.

C.      **Plaintiffs' Patent Interference Claim Fails As A Matter Of Law**

Defendants moved to dismiss Plaintiffs' patent inference claim because, by

statutory definition, a utility and design patent claim different subject matter and can

never interfere. (*See* Br. in Sup. at 6.) Ignoring this logic, and eschewing any analysis of

what the patents actually claim, Plaintiffs argue there is an interference because they

say so. (*See* Br. in Opp. at 10.) Importantly, however, Plaintiffs do not dispute the

Federal Circuit authority that Defendants rely upon. *See Pepitone v. Am. Standard, Inc.,*

983 F.2d 1087 (Table), 1992 WL 336539, at *2 (Fed. Cir. 1992) (affirming Rule 12(b)(6)

---

[1] In addition, because every claim of the '331 patent requires a "trailer," it is impossible that Cequent selling a motor kit without the trailer could directly infringe under 35 U.S.C. § 271(a). *See Rotec Indus., Inc. v. Mitsubishi Corp.,* 215 F.3d 1246, 1252 (Fed. Cir. 2000) (holding that defendant must sell the complete invention to infringe).

dismissal of interference claim between utility and design patent). Nor do Plaintiffs question that Cequent's design patents claim only ornamental designs, while MCB's '331 utility patent claims a mechanical structure and function.[2] Because these distinct patents cannot interfere as a matter of law, the Court should dismiss with prejudice.

### D.   Plaintiffs' Trade Secret Claim Necessarily Fails

Defendants gave three separate and independent reasons why Plaintiffs failed to state a claim for trade secret misappropriation: the complaint did not (i) specify what aspect of the jack they showed to Cequent is a trade secret; (ii) plausibly allege that Defendants used "improper means" to obtain the trade secret or had a "duty" to maintain secrecy; or (iii) plausibly allege that Plaintiffs made "reasonable efforts to maintain secrecy." (Br. in Sup. at 9.)

Plaintiffs oppose by relying entirely on their allegation that the motor McGlothlin showed Drake had a "patent pending" sticker on it. (Br. in Opp. 11-12.) But even presuming that is true, which it is not, cannot help Plaintiffs because the complaint admits that they freely gave the jack to Cequent without obtaining, or even requesting, a non-disclosure agreement or any promise of confidentiality from Cequent. (*See* Compl. ¶ 4.) Given that, it is implausible to infer that a patent pending sticker would impose a duty of secrecy upon Cequent. Indeed, such a notice would suggest the very opposite: that Plaintiffs had elected the public disclosure required for patent protection

---

[2] Even setting that dispositive issue aside, there can be no plausible interference because the '331 patent claims a "trailer" and no trailer is depicted in either of the Cequent design patents.

over trade secret protection.[3] *See BondPro Corp. v. Siemens Power Gen., Inc.*, 463 F.3d 702, 706-07 (7th Cir. 2006) (holding that publication and loss of trade secret protection is the "quid for the quo of the patentee's exclusive right[s]" under the Patent Act).

Also, the Court should dismiss with prejudice and not permit Plaintiffs to amend their complaint because McGlothlin's declaration confirms there is no trade secret by admitting that, in the same 2005 time period, he "began to market the powered jacking device to potential buyers" and sold at least $260,000 worth of the devices to Road Systems. (McGlothlin Decl. ¶ 9, 32, ECF # 34-2.) Such public sales and marketing of that jack foreclose trade secret protection. *See Coenco, Inc. v. Coenco Sales, Inc.*, 940 F.2d 1176, 1178-79 (8th Cir. 1991) In *Coenco*, which Plaintiffs oddly cite, the Eighth Circuit ruled as a matter of law that publicly-sold, patented machines cannot be defined as a "trade secret" under Arkansas's Trade Secrets Act. *Id.* Thus, amending by adding the declaration's averments is futile; dismissal with prejudice is proper.

Plaintiffs' comparison to the trade secret claim in *Roach* is without merit. First, that case addressed only one of the three grounds for dismissal here: the owner's "efforts to maintain secrecy." *Roach Mfg. Corp. v. Northstar Indus., Inc.*, 630 F. Supp. 2d 1004, 1009 (E.D. Ark. 2009). So the case has no bearing on whether Plaintiffs sufficiently alleged that Defendants used "improper means" or had a duty to maintain secrecy. In *Roach*, plaintiff alleged that its competitor in the conveyor business had stolen a trade secret by repeatedly inspecting, photographing, and measuring a prototype conveyor –

---

[3] The face of the '331 patent shows that the USPTO published the underlying patent application to the world in the same 2005 time period in which McGlothlin says the alleged misappropriation occurred.

without plaintiff's permission – at a Lowe's Home Improvement warehouse. The court ruled that plaintiff had adequately pleaded efforts to protect the secret by alleging that, upon installing the conveyor at Lowes, it repeatedly told Lowe's to keep the conveyor's design strictly confidential. *Id.*

Because Plaintiffs here never considered the trailer jack a trade secret – until retaining counsel in this matter – they did not tell Cequent to keep the trailer jack confidential and thus cannot allege that they did so. Unlike the defendant in *Roach*, who was denied permission to view and inspect the secret conveyor, Plaintiffs admit that they encouraged Cequent to freely inspect the jack by bringing it to Cequent's Wisconsin facility and leaving it there (s*ee* McGlothlin Decl. ¶ 14-19). *See Roach Mfg. Corp. v. Northstar Indus., Inc.*, No. 3:09CV00029 BSM, 2011 WL 3625587, at *6 (E.D. Ark. Aug. 17, 2011). Plaintiffs have failed to state a claim for trade secret misappropriation, and because amending is futile, the Court should dismiss with prejudice.

### E.   Plaintiffs' Tortious Interference Claim Fails For Two Separate Reasons

Defendants moved to dismiss Plaintiffs' tortious interference claim because the complaint does not allege that Plaintiffs had "knowledge" of the allegedly disrupted contracts. Although Plaintiffs admit that "knowledge" is a required element of the claim, they do not point to any allegation in their complaint that could establish it, plausibly or otherwise. (Br. in Opp. at 13.) On that basis alone, the Court should dismiss the tortious interference claim.

But there also is a second independent reason to dismiss the claim: Plaintiffs do not plausibly allege any "improper means," another element that Plaintiffs admit is

necessary. (Br. in Opp. at 13.) In their response, Plaintiffs argue that Cequent "had solicited" BIG Tex and Road Systems and that doing so hurt Plaintiffs' business in some way. (*Id*.) Competing for business, however, is not actionable unless "improper means" are used. Yet Plaintiffs' briefing does not identify any improper means alleged in their complaint. To the extent Plaintiffs rely on an alleged trade secret theft, they cannot do so because: (i) they did not adequately plead such a claim; and (ii) as the *Roach* case cited by Plaintiffs confirms, the Trade Secret Act's exclusive remedy provision precludes one from relying on an alleged trade secret theft to state a claim for tortious interference. *Roach*, 2011 WL 3625587, at *8 (ruling that tortious interference claim based on alleged trade secret theft is barred by Trade Secret Act as a matter of law). Although Defendants' opening brief relied on Trade Secret Act's exclusive remedy provision, Plaintiffs tellingly ignore that basis for dismissal. (*See* Br. in Sup. at 11-12.) The Court should dismiss Plaintiffs' tortious interference claim with prejudice.

F.    **Plaintiffs' Deceptive Trade Practices Claim Must Fail**

Plaintiffs now argue that they also stated a claim under Arkansas's Deceptive Trade Practices Act ("DTPA"), but their complaint does not specifically identify that statute as a specific count or cause of action. Instead, the complaint merely referenced the DTPA under "Count III" for trade secret misappropriation. (Compl. ¶ 18.) Plaintiffs' pleading did not even recite the bare elements of a legal claim under the DTPA, let alone the plausible allegations needed to state a valid claim under *Twombly*. Plaintiffs' complaint simply failed to put Defendants on notice of a claim under that law.

Regardless, none of the three subsections of the DTPA that Plaintiffs identify in their opposition could plausibly apply here. (*See* Br. in Opp. at 14.) Specifically, the complaint lacks any allegation that Defendants: (i) "knowingly made a false representation as to the characteristics ingredients, uses, benefits, [etc.] . . . of goods or services," Ark. Code § 4-88-107(a)(1); (ii) "[d]isparag[ed] the goods, services, or business of another by false or misleading representation of fact," *id.* § 4-88-107(a)(2); or (iii) "engag[ed] in any other unconscionable, false, or deceptive act or practice," *id.* § 4-88-107(a)(10).

Arkansas federal courts correctly dismiss complaints that, like the present, fail to plausibly allege a wrongful act under the DTPA. *See, e.g., Independence Cty. v. Pfizer, Inc.*, 534 F. Supp. 2d 882, 889 (E.D. Ark. 2008) (dismissing claim); *P.M.C. Const., Inc. v. Georgia Pacific Corp.*, No. 06-CV-1104, 2008 WL 899236, at *1 (W.D. Ark. Mar. 31, 2008) (same). Again, Plaintiffs do not plausibly allege that Defendants committed any wrongful conduct, let alone that they falsely advertised under subsection (a)(1) of the DTPA, disparaged a product under subsection (a)(2), or did anything actionable under subsection (a)(10). *See Ind. Cty.*, 534 F. Supp. 2d at 886 (explaining unconscionability standard under subsection (a)(10)). The Court should dismiss any claim under the DTPA with prejudice.

## II.   Plaintiffs Have Not Overcome Defendants' Rule 12(b)(1) Grounds

### A.   Plaintiffs Cite Nothing To Establish Declaratory Judgment Jurisdiction

Plaintiffs' complaint, declaration, and briefing do not identify a single instance in which Cequent – the owner of the Cequent design patents – or Mr. Drake asserted those

patents (or any patents for that matter) against either of the Plaintiffs. Therefore, under binding Federal Circuit authority, this Court lacks jurisdiction to declare those patents invalid. (*See* Br. in Sup. at 5.) Plaintiffs' arguments that this Court has subject matter jurisdiction over patent <u>infringement</u> claims (*see* Br. in Opp. at 5), which Defendants do not dispute, has nothing to do with the separate question of whether the Court has subject matter jurisdiction over the <u>declaratory</u> claims. The Court should dismiss Plaintiffs' declaratory judgment claims accordingly.

**B.      Plaintiffs Ignore That McGlothlin Lacks Standing As An Individual**

Plaintiffs also moved to dismiss McGlothlin for lack of standing under Rule 12(b)(1) because McGlothlin's own complaint admits that he does not own the '331 patent asserted in the complaint, and he does not allege any personal damages separate and apart from co-plaintiff MCB's alleged damages. (Br. in Sup. at 13-14.) Unable to overcome that fatal truth, Plaintiffs entirely ignore this ground for dismissal and thereby concede its merit. *See Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 670-71 (S.D.N.Y. 2000) (ignoring an argument for dismissal in an opposition brief implicitly concedes the claim's legal insufficiency and "constitutes and abandonment of the issue"). Therefore, the Court should dismiss McGlothlin with prejudice.

**III.     The Court Should Dismiss Mr. Drake With Prejudice**

The Court should dismiss Mr. Drake with prejudice for all of the same reasons it should dismiss his employer, Cequent. Separately, however, it should dismiss Mr. Drake because Plaintiffs' claims are all directed against Cequent, not against Drake. Moreover, Plaintiffs admits that Drake does not own the Cequent design patents at

A

issue because he assigned them to Cequent. (Compl. ¶ 1.) Plaintiffs do not allege that Mr. Drake individually did anything that could subject him to personal liability, and their opposition does not identify any factual allegation or legal theory to support a claim against Mr. Drake individually. Indeed, "no authority exists for holding an employee who is not an officer, director, or shareholder of a corporation liable for the corporation's patent infringement." *Mayo Clinic Jacksonville v. Alzheimer's Inst. of Am., Inc.*, 683 F. Supp. 2d 1292, 1300 (M.D. Fla. 2009) (granting motion to dismiss individual). The Court should dismiss Mr. Drake with prejudice.[4]

## Conclusion

For the foregoing reasons, and for the reasons explained in Defendants' prior Brief in Support (ECF # 27), this Court should dismiss Cequent and Frank Drake with prejudice.

---

[4] Plaintiffs responded to Mr. Drake's separate motion to dismiss for lack of personal jurisdiction (ECF # 24) by moving to dismiss him without prejudice (ECF # 33). The Court should deny that motion as moot after granting this motion to dismiss Mr. Drake <u>with prejudice</u> under Rules 12(b)(1) and 12(b)(6), (ECF # 26). The Court should grant Plaintiffs' motion to dismiss Mr. Drake only if it denies this motion.

Dated: April 13, 2012                     Respectfully submitted,

                                          By:   /s/ Matthew J. Cavanagh

                                          MCDONALD HOPKINS LLC
                                          David B. Cupar
                                          Matthew J. Cavanagh
                                          601 Superior Ave., East, Suite 2100
                                          Cleveland, Ohio 44114
                                          t 216.348.5400 / f 216.348.5474
                                          dcupar@mcdonaldhopkins.com
                                          mcavanagh@mcdonaldhopkins.com

                                          Attorneys for Cequent Performance
                                          Products, Inc. and Frank Drake

<u>Certificate Of Service</u>

I hereby certify that on April 13, 2012, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which shall send notification of such filing to

the following:

Chris Stewart
arklaw@comcast.net

Luther Oneal Sutter
luthersutter@yahoo.com

                                     __/s/ Matthew J. Cavanagh_____
                                       Matthew J. Cavanagh
                                       Attorney for Cequent Performance
                                       Products, Inc. and Frank Drake