IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

DANNY MCGLOTHLIN AND
MCB SALES & INSTALLATION SERVICES, INC.                          PLAINTIFF

VS.                                NO. 1:11CV55JLH

CEQUENT PERFORMANCE PRODUCTS, INC.                               DEFENDANT

<u>SECOND AMENDED COMPLAINT</u>

COMES each Plaintiff, by and through counsel, and for this Second Amended Complaint, states:

<u>PARTIES AND JURISDICTION</u>

1.      Plaintiff is a resident and citizen of Jackson County, Arkansas, who applied for a patent on April 7, 2005, 2005/0073130, and received a patent, 7,311,331 (331 patent). MCB Sales & Installation Services, Inc. is an assignee of the 331 patent. Frank Drake is a resident of Wisconsin who has applied for and received certain design patents that infringe upon Plaintiff's patent, D560,324, and D561,424. Mr. Drake's assignee was Cequent Trailer Products, Inc.. Cequent Performance Products, Inc. marketed the product through a corporation who has an exclusive physical distribution network with the state of Arkansas. The named Defendant is the successor to Cequent Trailer Products.  Thus, it is sued as Cequent herein.  Cequent also does business over the Internet and refers Arkansas residents to an Arkansas dealer, after multiple knowing and repeated transmissions of computer files over the Internet, so personal jurisdiction is proper.  Plaintiffs seek damages for infringement, contributory infringement, inducing infringement, literal infringement, and infringement under the doctrine of equivalents. This Court has personal jurisdiction over the parties, as well as subject jurisdiction. There is a federal question presented and complete diversity between the parties, involving an issue with more than $75,000.00 at stake.  Since Plaintiff is, and was, a resident of Jackson County, Arkansas, venue is proper, since the Defendants market, distribute, and sell these infringing products in

the Eastern District of Arkansas.   Defendants have continuous and systematic contacts with

Arkansas, as well as engage in activities that arise out of or relate to the cause of action in

Arkansas.   As Ordered by the Court, Plaintiffs bring claims only for willful patent infringement

and trade secret misappropriation;

<u>COUNT I</u>

2.      In 2003, Plaintiff applied for the 331 patent applying an electric motor to a

jack, making a power assisted jack lift.   The Plaintiff, Danny McGlothlin, hereafter "McGlothlin,"

invented and designed a powered motor to be used on jacking devices for lifting trailers.   The

invention was one-of-a-kind and better known as a "powered jacking device."   The powered

jacking device contained a gear box that increased the torch of the motor enabling it to lift

thousands of pounds.   Nothing of the sort existed in the marketplace.   Additionally, what set this

powered jacking device apart from prior art is if the motor fails the operator may hand crank the

engine to the desired lift.   Before, if a powered lift failed, the entire trailer could be, and in most

cases was, incapacitated because the trailer legs could not be extended or withdrawn.

3.      On December 25, 2007, United States Letters Patent No. US 7,311,331 B2,

hereafter "331 patent," was issued to McGlothlin.      Please see Exhibit A and B to the Plaintiff's

Response and Brief, each of which is incorporated by reference herein.   The 331 patent is a

utility patent incorporating eighteen distinct claims.   McGlothlin assigned his rights to the 331

patent to MCB Sales & Installation Services, Inc., hereafter "MCB."   MCB is a small company in

Bradford, Arkansas and employs six associates.   MCB began to market its product to potential

buyers.    Naturally, MCB approached the largest trailer manufacturers and sellers in the

marketplace.    MCB approached Cequent Performance Products, Inc., hereafter "Cequent."

Cequent, is a leading designer, manufacturer and marketer of a broad range of accessories for

light trucks, sport utility vehicles, recreation vehicles, passenger cars and trailers of all types.

Products include towing and hitch systems, trailer components and accessories, and electrical,

brake, cargo carrying and rack systems and jacks.   Cequent is the manufacturer of towing and

trailer brands: Draw-Tite, Reese, Fulton, Wesbar, Bulldog, Highland, Hidden Hitch, Bargman, ROLA and Tekonsha.   Cequent employs approximately 2,070 associates.

4.     In 2005, McGlothlin requested that David Cantrell, a partner of McGothlin and associate of MCB, hereafter "Cantrell," personally deliver two of the powered jacking devices to Cequent in Mosine, Wisconsin for a demonstration request by Sundowner Trailers.   During Cantrell's visit at Cequent he met Frank Drake, an engineer for Cequent, hereafter "Drake,"

5.     Cantrell demonstrated how the powered jacking devices worked on a trailer. Drake stated to Cantrell that the powered jacking device was too "stout."  Cantrell left Drake two of the powered jacking devices.  The two powered jacking devices left with Drake had "patent pending" stamped on it.

6.     In 2005, McGlothlin followed up with Drake with a series of phone calls to market the powered jacking device. Drake stated to McGlothlin that he used powered jacking device 100 times on Cequent trailers and that Plaintiff's powered jacking device did not get hot.   Drake was interested in the MCB powered jacking device.     Subsequently thereafter, McGlothlin contacted Drake to inquire if he would like to go into business with MCB, whereby Cequent and MCB would market and sell each company's products.   Drake then stated to McGlothlin that, "Cequent was in the jack business not the motor business."   Drake then stated to McGlothlin that Cequent would not be purchasing any of MCB's powered jacking devices.

7.     McGothlin requested that Drake return the two MCB powered jacking devices to him.  Drake falsely and intentionally informed McGlothlin that the MCB powered jacking devices were lost.

8.     Approximately, three months after McGothlin and Drakes' last conversation Cequent began to offer for sale powered jacking devices that contained a gear box installed on Cequent jacks that embodied MCB's 331 patent.   Please see Exhibit C to the Plaintiff's Response and Brief, each of which is incorporated by reference herein.   MCB marketed its powered jacking device to Big Tex trailer company.   MCB was informed by Big Tex that

Cequent was offering for sale a powered jacking device that embodied MCB's 331 patent. Additionally, MCB marketed its powered jacking device to Road Systems trailers. MCB was informed by Road Systems that Cequent was offering for sale a powered jacking device that embodied MCB's 331 patent. Furthermore, Cequent has two licensed dealers in Arkansas selling Cequents' powered jacking devices that infringe on MCB's 331 patent. Please see Exhibit D to the Plaintiff Response and Brief, each of which is incorporated by reference herein.

9.      Cequents' powered drive jack that embodies MCB's 331 patent are placed in the stream of commerce under Cequents' brand name *BULLDOG® under serial No. BS01197; Part No. 1046130; and Vendor ID No. 102279.* Please see Exhibit E to the Plaintiff's Response and Brief, each of which is incorporated by reference herein. Furthermore, Cequents' powered drive jack that embodies MCB's 331 patent appears similar, if not identical, in design and utility to the MCB 331 patent. Please see Exhibit F to the Plaintiff Response and Brief, each of which is incorporated by reference herein.    .

10.     Additionally, Cequent was granted two design patents on the powered drive jack that embodies MCB's 331 patent. On January 22, 2008, United States Letters Patent No. US D560,324 S, hereafter "324 patent," was issued to Drake. Please see Exhibit G to the Plaintiff's Response and Brief, each of which is incorporated by reference herein. The 324 patent is a design patent "of a powered drive for jack." Drake assigned his rights to the 324 patent to Cequent. On February 5, 2008, United States Letters Patent No. US D561,424 S, hereafter "424 patent," was issued to Drake. Please see Exhibit H to the Plaintiff's Response and Brief, each of which is incorporated by reference herein. The 424 patent is a design patent "of a powered drive for jack." Drake assigned his rights to the 424 patent to Cequent. Cequents' 324 patent and 424 patent embody the MCB 331 patent and infringe on MCB's patent rights.

11.     Plaintiffs allege Defendants have directly infringed on the Plaintiffs' 331 patent. The Plaintiffs have suffered lost profits and the loss of reasonable royalties. The Defendants

have interfered with the rights of the Plaintiffs' 331 patent.  The Defendants stole the Plaintiffs' trade secret.

12.     Plaintiff commissioned drawings of the invention at issue as early as 2002

13.     Before the patent was issued, but after 331 patent application was submitted, Plaintiff showed his invention to Defendants in Wisconsin, with the words "patent pending" on the motor in 2005.

14.     Defendants failed to disclose this information to the US Patent Office and fraudlently obtained the Drake patents.

15.     Defendants then copied Plaintiff's design and stole his trade secret within the five years preceding the filing of this lawsuit.  The application for 424 and 324 patent was after this meeting.  One of the key infringements is the ability to crank through, in the event the motor fails.

16.     Then, there was two design patents issued to Drake and assigned to Cequent, D560,324 and D561,424 (the Drake Patents) no earlier than 2007.

17.     These patents infringe upon Plaintiff's patent.  Plaintiff has lost royalties, lost license fees, and is entitled to treble or punitive damages.

18.     Plaintiff first learned that Defendants had solicited BIG Tex in 2009, so Plaintiff alleges that Defendants have induced an infringement or contributed to an infringment.

19.     Defendants have literally and wilfully infringed upon Plaintiff's patent. Alternatively, Defendants have infringed under the doctrine of equivalents "in situations where there is no literal infringement but liability is nevertheless appropriate to prevent what is in essence a pirating of the patentee's invention." Drake's invention performs substantially the same function in substantially the same way to obtain the same result.

20.     With Drake's knowledge and approval, Cequent has marketed, sold, and distributed the invention at issue throughout the United States, including Arkansas.

21.     Drake's patent is invalidity for obviousness.

22.     Drakes's patent is because it is based on an obvious combination of references. Clearly, a skilled artisan would have been motivated to combine the teachings of the references to achieve the claimed invention.

23.     Plaintiff has lost royalties, lost license fees, and is entitled to treble or punitive damages.

<u>COUNT II</u>

24.     Plaintiff re-alleges the foregoing as if fully set out herein.

25.     The information at issue, at the time it was presented to Drake and Cequent, was a trade secret.

26.     Defendant has stolen Plaintiff's trade secrets in violation of Wisconsin and Arkansas law.  Defendants acquired Plaintiff's trade secret and knew or had reason to know that the trade secret was acquired by improper means.  Each Defendant:

(i) Used improper means to acquire knowledge of the trade secret; or

(ii) At the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was:

    (a) Derived from or through a person who had utilized improper means to acquire it;

    (b) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

    (c) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

(iii) Before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake under Ark.Code Ann. § 4-75-601.   This also fraud and is inconscionable under the Arkansas Deceptive Trade Practices Act.   The improper conduct includes stealing plaintiffs' trade secrets, and secretly using plaintiffs' trade secrets.

27.     The misappropriation was not discovered, and could not have been discovered by the exercise of reasonable diligence, by plaintiffs more than three years before filing this lawsuit. Accordingly, Plaintiff sues for the lost profits, lost license fees, puntive or treble damages, interest, fees and costs.

WHEREFORE, Plaintiff prays for an Order awarding Plaintiff compensatory damages in excess of $75,000.00, for punitive damages, for treble damages, for interest, attorney's fees, for trial by jury, all relief available under the statutes, and for all other proper relief.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P. O. Box 2012
Benton, Arkansas  72015
(501) 315-1910 FAX 501-315-1916
Attorneys for the Plaintiff

By:     /s/ *Luther Oneal Sutter*
        Luther Oneal Sutter, Ark. Bar No. 95031
        luthersutter@yahoo.com

**<u>Certificate Of Service</u>**

I hereby certify that on May 20, 2012, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which shall send notification of such filing to the following:

Matthew J. Cavanaugh
David Cupar
McDonald Hopkins, LLC
600 Superior Ave, E, Ste. 2100
Cleveland, OH 44114
mcacanagh@mcdonaldhopkins.com

STEWART LAW FIRM

Chris H. Stewart
Ark. Bar No. 03-222


By:      /s/ Luther Oneal Sutter_____
         Luther Oneal Sutter, Ark. Bar No. 95031
         luthersutter@yahoo.com