IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

**DANNY MCGLOTHLIN, et al.**                                         **PLAINTIFFS**

v.                                    NO. 1:11-CV-55 JLH

**CEQUENT PERFORMANCE PRODUCTS, INC.**                  **DEFENDANT**

### Cequent's Answer To Amended Complaint

For its answer to the amended complaint[1] of plaintiffs Danny McGlothlin and MCB Sales & Installation Services, Inc. ("MCB"), defendant Cequent Performance Products, Inc. ("Cequent") states as follows:

1.  Cequent admits that Frank Drake is a resident of Wisconsin; that Mr. Drake was the named inventor of U.S. Patent Nos. D560,324 ("the '324 patent") and D561,424 ("the '424 patent"); that Mr. Drake assigned those patents to Cequent's predecessor, Cequent Trailer Products, Inc.; and that Cequent advertises online. Cequent denies that it infringed any patents or did anything wrongful. Cequent denies all other allegations in paragraph 1 of the amended complaint because it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

### As to "Count I"

2.  Cequent admits that the face of U.S. Patent No. 7,311,331 ("the '331 patent") identifies Danny McGlothlin as the named inventor and October 3, 2003 as the filing date. Cequent denies all other allegations in paragraph 2 of the amended

---

[1] Although plaintiffs caption their pleading as their "Second Amended Complaint," it is their first amended complaint.

{3808905:}

complaint because it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

3. Cequent admits that the '331 patent is a utility patent with 18 claims and that the patent identifies December 25, 2007 as the issue date and MCB Sales & Installation Services, Inc. as the assignee. Cequent further admits that MCB approached Cequent to market a jacking device to Cequent. Cequent admits that it is a leading designer, manufacturer, and marketer of accessories for light trucks, sport utility vehicles, recreation vehicles, passenger cars, and trailers of all types. Cequent also admits that its products and brand names include those identified in paragraph 3 of the amended complaint, and that it employs about 2,070 associates. Cequent denies all other allegations in paragraph 3 of the amended complaint because it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

4. Cequent admits that a MCB representative visited Mr. Drake in Wisconsin in or around 2005. Cequent denies all other allegations in paragraph 4 of the amended complaint because it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

5. Cequent admits that a MCB representative gave Cequent two motors in or around 2005. Cequent denies all other allegations in paragraph 5 of the amended complaint because it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

6. Cequent admits that Mr. McGlothlin made follow up sales calls to Mr. Drake to market a jacking device and that Cequent decided not to go into business with

MCB. Cequent denies all other allegations in paragraph 6 of the amended complaint because it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

7. Cequent denies the allegations in paragraph 7 of the amended complaint.

8. Cequent denies the allegations in paragraph 8 of the amended complaint.

9. Cequent denies the allegations in paragraph 9 of the amended complaint.

10. Cequent admits Mr. Drake is the named inventor of the '324 and '424 patents and that Cequent now owns both patents. Cequent denies all other allegations in paragraph 10 of the amended complaint.

11. Cequent denies the allegations in paragraph 11 of the amended complaint.

12. Cequent denies the allegations in paragraph 12 of the amended complaint because it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

13. Cequent denies the allegations in paragraph 13 of the amended complaint.

14. Cequent denies the allegations in paragraph 14 of the amended complaint.

15. Cequent admits that it applied for the '424 and '324 patents after MCB approached Cequent and denies all other allegations in paragraph 15 of the amended complaint.

16. Cequent admits that the '324 and '424 patents were issued in 2008, that Mr. Drake is the named inventor on both patents, and that Cequent owns both patents. Cequent denies all other allegations in paragraph 16 of the amended complaint.

17. Cequent denies the allegations in paragraph 17 of the amended complaint.

18. Cequent denies the allegations in paragraph 18 of the amended complaint.

19. Cequent denies the allegations in paragraph 19 of the amended complaint.

20. Cequent denies the allegations in paragraph 20 of the amended complaint.

21. Cequent denies the allegations in paragraph 21 of the amended complaint.

22. Cequent denies the allegations in paragraph 22 of the amended complaint.

23. Cequent denies the allegations in paragraph 23 of the amended complaint.

### As to "Count II"

24. Cequent re-alleges the foregoing as if fully set out herein.

25. Cequent denies the allegations in paragraph 25 of the amended complaint.

26. Cequent denies the allegations in paragraph 26 of the amended complaint.

27. Cequent denies the allegations in paragraph 27 of the amended complaint.

### As to Plaintiffs' Prayer for Relief

28. Cequent denies that plaintiffs are entitled to any of the relief demanded.

### Cequent's Affirmative Defenses

29. Plaintiffs fail to state a claim upon which relief can be granted.

30. Plaintiffs' claims are barred by the applicable statute of limitations, statute of repose, or both.

31. Plaintiffs' claims are barred by the doctrines of laches, estoppel, and waiver.

32. Plaintiffs' claims are barred by the doctrine of unclean hands.

33. Plaintiffs' infringement claim fails because the '331 patent is invalid and therefore unenforceable.

34. Plaintiffs' damages, if any, were caused or contributed to by its own action or inaction or by the action or inaction of third-persons over whom Cequent has no ownership or control.

35. Plaintiffs' claims are barred, in whole or in party, by its failure to mitigate its damages, if any.

36. Plaintiffs' demand for punitive damages is barred by the Due Process Clause of the Fifth Amendment to the United States Constitution and similar provisions of any applicable state constitution.

37. Plaintiffs patent infringement claim is barred because plaintiffs have misused the '331 patent by filing and maintaining this objectively baseless lawsuit, in bad faith, to obtain an unfair commercial advantage when they knew or should have known that they have no viable claim of patent infringement against Cequent.

38. Plaintiff Danny McGlothlin lacks standing to assert patent infringement or trade secret claims against Cequent.

Dated: June 7, 2012                    Respectfully submitted,

By:   /s/ Matthew J. Cavanagh

MCDONALD HOPKINS LLC
David B. Cupar
Matthew J. Cavanagh
601 Superior Ave., East, Suite 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Attorneys for Cequent Performance
Products, Inc. and Frank Drake

<u>Certificate Of Service</u>

I hereby certify that on June 7, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Chris Stewart
arklaw@comcast.net

Luther Oneal Sutter
luthersutter@yahoo.com

    /s/ Matthew J. Cavanagh
Matthew J. Cavanagh
Attorney for Cequent Performance
Products, Inc. and Frank Drake