**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 0 2 2012

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## BATESVILLE DIVISION

DANNY MCGLOTHLIN, et al.                                    **PLAINTIFFS**

v.                                          **NO. 1:11-CV-55-JLH**

FRANK DRAKE, et al.                                        **DEFENDANTS**

### STIPULATED ORDER ON CEQUENT'S MOTION TO COMPEL

Plaintiffs Danny McGlothlin and MCB Sales and Installation Services, Inc. and defendant Cequent Performance Products, Inc. hereby stipulate to the following order on Cequent's pending motion to compel (ECF # 54). If entered, this stipulated order would resolve Cequent's motion, except for one issue that the parties could not resolve: whether plaintiffs have waived attorney-client privilege based on their production of a partially redacted e-mail. As stipulated below, by October 19, 2012, plaintiffs shall file a brief in opposition to Cequent's motion on that discrete privilege issue, and Cequent shall file a reply brief within the time limits set by local rule.

Accordingly, the Court hereby ORDERS as follows:

1.     By October 5, 2012, plaintiffs will serve Cequent with supplemental interrogatory answers that: (a) identify the trade secret that Cequent allegedly misappropriated by stating what specific trade secrets are allegedly involved in the

{3989745:}

creation and production of the Easy Lift product; (b) state the date[1] on which Cantrell allegedly gave Frank Drake MCB's two motors; and (c) otherwise provide full and complete answers to Cequent's Interrogatory Nos. 9 and 10 to the best of plaintiffs' knowledge.

2.      By October 5, 2012, plaintiffs will, to the extent such documents exist, serve Cequent with copies of: (a) the two promotional letters partially shown in McGlothlin's sales brochures (CEQ000238, CEQ000239); (b) the written patent assignment from McGlothlin to MCB and any other documents concerning ownership of the '331 patent or ownership of the underlying technology; (c) the full agreement between MCB and Easy Lift Great Lakes (MCG000181); (d) the complete January 2, 2008, letter from Speed Law Firm (MCG000186-187); and (e) any other non-privileged documents responsive to Cequent's Request for Production Nos. 5, 7, and 23.

3.      By October 12, 2012, plaintiffs will serve Cequent with supplemental interrogatory answers that: (a) state the date when McGlothlin allegedly contacted Frank Drake to request the outcome of the tests, the date when Drake allegedly said Cequent would not be pursuing any sale of the MCB product, and the date when Drake allegedly said that the MCB product had been lost; (b) describe each of the "series of phone calls" with Drake that plaintiffs alleged in paragraph 6 of their amended complaint by identifying, for each phone call, the date of the call, and – to the best of

---

[1] Whenever this order requires the plaintiffs to state the "date," plaintiffs must state the exact date, unless the exact date is not known and cannot, using due diligence, be determined. In that case, plaintiffs must state the applicable time period as specifically as possible (*e.g.*, by month, season, year, or range of years).

plaintiffs' knowledge – the individuals participating in the phone call and the substance of the phone call; and (c) otherwise provide a full and complete answer to Interrogatory No. 14 to the best of plaintiffs' knowledge.

4.      By October 12, 2012, plaintiffs will, to the extent such documents exist, serve Cequent with copies of: (a) all written communications (*e.g.*, letters and e-mails) between Cequent and either plaintiff; (b) all documents evidencing sales or disclosures of the subject matter claimed by the '331 patent prior to October 3, 2003; (c) all drawings, blueprints, or sketches of the Easy Lift product and any of its components; and (d) any other non-privileged documents responsive to Cequent's Request for Production Nos. 2, 3, or 12.

5.      By October 19, 2012, plaintiffs will serve Cequent with supplemental interrogatory answers that: (a) provide a complete answer to Interrogatory No. 3 by providing an infringement chart that identifies each limitation of each asserted claim of the '331 patent in the left-hand column and provides a photograph of the particular component of each Cequent product that allegedly meets that limitation in the right-hand column. The photograph must be sufficiently annotated (*e.g.*, through the use of circles and arrows) to apprise Cequent of what particular components of its product or products allegedly meet the limitation; (b) provide a complete answer to Interrogatory No. 4 and, for each limitation of an asserted claim of the '331 patent that plaintiffs contend is satisfied under the doctrine of equivalents, explain each function, way, and result that is equivalent to what is claimed and why any differences between what is claimed and what is present on the Cequent accused product is not substantial; and (c)

provide any of the information requested by Cequent's Interrogatory No. 12 that Cequent cannot determine from sales records produced by plaintiffs, to the extent plaintiff has the information or can obtain it through due diligence.

6.      By October 19, 2012, plaintiffs will, to the extent such documents exist, serve Cequent with copies of: (a) all purchase orders, invoices, sales reports, receipts, bills, ledgers, contracts, agreements, accounts receivable records, accounting records, billing records, and other records documenting each sale of Easy Lift; and (b) any other non-privileged documents responsive to Cequent's Request for Production No. 1.

7.      By October 26, 2012, plaintiffs will serve Cequent with a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5) for any information or documents sought by Cequent's May 25, 2012, Interrogatories and Requests for Production that plaintiffs withheld on the basis of attorney-client privilege or work-product. For any documents withheld by plaintiffs, at a minimum, the privilege log must provide the following: (a) the specific objection on which plaintiffs have withheld production; (b) form (*e.g.*, letter, e-mail, memorandum); (c) author; (d) recipients; (e) date; and (f) subject matter.

8.      By October 19, 2012, plaintiffs will file a brief in opposition to Cequent's motion to compel (ECF # 54) to the extent that motion seeks to have plaintiffs disclose allegedly privileged information that plaintiffs' redacted from a May 2010 e-mail chain labeled MCG000219 to MCG000221. Cequent may file a reply to plaintiffs' opposition according to the time limits set by local rule.

9.      The parties shall bear their own costs and attorneys' fees.

**IT IS SO ORDERED.**

Dated: _October 2, 2012_

_J. Leon Holmes_

United States District Judge

STIPULATED BY:


___/s/ Chris H. Stewart (per consent)___
Chris H. Stewart
STEWART LAW FIRM
904 Garland Street
Little Rock, Arkansas 72201
Tel: (501) 353-1364
Fax: (501) 353-1263
arklaw@comcast.net


Attorney for Plaintiffs
Danny McGlothlin and
MCB Sales & Installation Services, Inc.

___/s/ Matthew J. Cavanagh___
David B. Cupar
Matthew J. Cavanagh
MCDONALD HOPKINS LLC
601 Superior Ave., East, Suite 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Attorney for Defendant
Cequent Performance Products, Inc.

## Certificate Of Service

I hereby certify that on September 28, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Chris Stewart
arklaw@comcast.net

Luther Oneal Sutter
luthersutter.law@gmail.com

James M. Scurlock
james.scurlock@gmail.com


        /s/ Matthew J. Cavanagh
Matthew J. Cavanagh
Attorney for
Cequent Performance Products, Inc.

{3989745:}