## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## BATESVILLE DIVISION

**DANNY MCGLOTHLIN, et al.**                                    **PLAINTIFFS**

**v.**                              **NO. 1:11-CV-55 JLH**

**FRANK DRAKE, et al.**                                         **DEFENDANTS**

## REPLY IN SUPPORT OF CEQUENT'S
## MOTION FOR SUMMARY JUDGMENT

Defendant Cequent Performance Products, Inc. submits this reply in support of its motion for summary judgment (ECF # 66) against plaintiffs Mr. Danny McGlothlin and MCB Sales & Installation Services, Inc. (collectively, "MCB"), and in reply to MCB's statement in opposition (ECF # 70).

## I.    MCB Concedes Summary Judgment On The Trade Secret Claim

Cequent's motion seeks summary judgment of no trade secret misappropriation. (Cequent SJ Br. at 11-16, ECF # 67.) In its opposition, "Plaintiffs concede [that there] are no genuine issues of material fact to be tried pertaining to trade secret misappropriation." (MCB Opp. at 8, ECF # 70.) Therefore, the Court should grant summary judgment of no trade secret misappropriation for Cequent.

## II.    MCB Concedes That Mr. McGlothlin Lacks Standing

Cequent's motion seeks summary judgment dismissing Mr. McGlothlin on standing grounds for lack of subject matter jurisdiction. (Cequent SJ Br. at 21-22.) MCB's opposition did not address this issue. Therefore, the Court should grant summary judgment dismissing Mr. McGlothlin for lack of standing.

{4378968;}

### III.   MCB Concedes Summary Judgment On Direct Infringement

Cequent's motion seeks summary judgment of no direct patent infringement because Cequent's kit does not come with a "trailer," "first cross member," or "second cross member" – limitations required by each claim of the '331 patent. (Cequent SJ Br. at 17-18.) In response, MCB did not controvert Cequent's Local Rule 56.1 statements that "every claim of the '331 patent requires a 'trailer,' a 'first cross member,' and a 'second cross member'" and that "Cequent does not sell trailers or cross members with its Bulldog kit." (Cequent SUF ¶ 18, 23, ECF # 68.) By rule, therefore, those dispositive facts on the direct infringement question are deemed admitted. *See* L.R. 56.1(c) ("All material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b).") Indeed, MCB's own briefing volunteers that neither "[t]he MCB Easy Lift nor the Cequent Bulldog Powered Drive come with a cross member to connect a second jack." (MCB Opp. at 13.)

The Court should grant summary judgment of no direct infringement because MCB admits that Cequent does not make, use, sell, offer to sell, or import a device with a "trailer," "first cross member," or "second cross member."

### IV.   MCB Fails To Show A Genuine Issue On Indirect Infringement

Cequent moved for summary judgment of no induced or contributory patent infringement because there is no evidence of any third-party direct infringement for Cequent to have induced or contributed to. (Cequent SJ Br. at 18-19.) Summary judgment is now proper because MCB's opposition fails to meet its burden to set

forth specific facts showing there is a genuine issue for trial on third-party direct infringement, which is required to prevail on both indirect infringement claims. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (explaining plaintiff's burden to avoid summary judgment).

### A.    MCB Concedes There Is No Literal Infringement By Cequent Customers

MCB argues that Cequent customers that install Bulldog kits on trailers directly infringe the '331 patent under the doctrine of equivalents, and it appears to concede (as it must) that no Cequent customer *literally* infringes the '331 patent. To the extent MCB's attorney says that the Bulldog kit's drive shaft is a "drive shaft" <u>and</u> also literally satisfies the missing "second cross member" limitation (*see* MCB Opp. at 13), that incorrect characterization is not evidence. MCB offers no evidence to support that characterization, let alone evidence sufficient for a reasonable juror to conclude that the drive shaft is both literally a "drive shaft" and "second cross member."

More importantly, that attorney argument is contradicted by MCB's own Rule 30(b)(6) witness, who readily admitted that the Bulldog kit's drive shaft connects *directly* to the first jack without the use of a "cross member." (*See* Cequent SJ Br. at 7.) It also contradicts MCB's own proposed claim construction that "cross member" is a "pipe connected to the drive shaft" (*see* ECF # 65-1) since the drive shaft is not a pipe (but solid) and cannot be "connected" to itself. *See Regents of Univ. of Minn. v. AGA Med. Corp.*, No. 07-CV-4732 (PJS/LIB), 2011 WL 13943, at *2 (D. Minn. Jan. 4, 2011) (construing "affixed" elements to be elements that "before

being affixed, joined, or connected, exist separately as individual, physically distinct" elements). And it is contrary to the claims themselves, which require that each "cross member" be "affixed" to (and, thus, not be the same as) the "drive shaft."

Because MCB has shown no literal infringement by a third-party, the Court should grant summary judgment for Cequent on the induced and contributory infringement claims. Also, as explained below, the Court should reject MCB's attempt to establish infringement under the doctrine of equivalence (the "DOE").

### B.    MCB Fails To Prove Direct Third-Party Infringement Under The Doctrine Of Equivalents On At Least Two Grounds

Conceding that Cequent's Bulldog kit does not literally have all of the limitations of any claim of the '331 patent, MCB argues that Cequent's Bulldog kit infringes because "MCB's *Easy Lift* powered jacking device, and Cequent's *Bulldog* Powered Drive have equivalently the same identical function." (MCB Opp. at 11.) The Court should reject this argument on at least two grounds: (i) MCB offers no evidence that a particular element of the Bulldog kit is equivalent to the missing "second cross member" limitation, but instead compares the Bulldog kit to the invention as a whole contrary to U.S. Supreme Court precedent; and (ii) to accept MCB's DOE theory would vitiate claim limitations, which is forbidden by binding Federal Circuit law.

### 1.    *MCB Offers No Evidence Establishing An Equivalent To The "Second Cross Member" Missing From The Accused Product*

MCB contends that testimony from two Cequent witnesses satisfies the function-way-result DOE test by showing that the Bulldog kit and Easy Lift as a

whole "have equivalently the same identical function." (MCB Opp. at 11.) According

to MCB, that testimony establishes that both products have "powered drives," "have

a similar design," "have a sealed gearbox," "may power single or double jacks," "may

be hand cranked if power fails," and use a "cross member, to rotate a second jack."

(*Id.* at 11-12.) But by comparing the Bulldog kit to the invention as a whole, MCB's

analysis contradicts the U.S. Supreme Court's *Warner-Jenkinson* decision, which

held that "the doctrine of equivalents must be applied to individual elements of the

claim, not to the invention as a whole." *Warner-Jenkinson Co., Inc. v. Hilton Davis

Chemical Co.*, 520 U.S. 17, 21 (1997). To show a triable DOE issue, MCB had the

burden to:

> [P]rovide particularized testimony and linking argument as to the "insubstantiality of the differences" between the claimed invention and the accused device or process, or with respect to the function, way, result test . . . .
>
> Such evidence must be presented on a limitation-by-limitation basis. Generalized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice.
>
> . . .
>
> [T]he difficulties and complexities of the doctrine require that the evidence be presented . . . through the particularized testimony of a person of ordinary skill in the art, typically a qualified expert, who (on a limitation-by-limitation basis) describes the claim limitations and establishes that those skilled in the art would recognize the equivalents.

*Aquatex Indus., Inc. v. Techniche Solutions*, 479 F.3d 1320, 1328-29 (Fed. Cir. 2007).

When such limitation-by-limitation testimony by an expert or one skilled in

the art is lacking, summary judgment is appropriate. *See id.* (affirming summary

judgment of non-infringement under DOE); *Network Commerce, Inc. v. Microsoft Corp.*, 422 F.3d 1353, 1362-63 (Fed. Cir. 2005) (same); *Lear Siegler v. Sealy Mattress Co. of Mich.*, 873 F.2d 1422, 1426 (Fed. Cir. 1989) (affirming summary judgment of non-infringement under DOE where plaintiff "did not elicit testimony explicitly comparing the claimed and accused devices as to all three elements of equivalence").

MCB has offered no testimony that a particular element of the Bulldog kit is equivalent to the missing "second cross member." The general testimony by Cequent's witnesses about how the two different products operate—the only evidence cited by MCB—is the very type of testimony that the Federal Circuit has declared insufficient as a matter of law to establish infringement under DOE. *See Aquatex*, 479 F.3d at 1329 (testimony about how the accused product operated was insufficient where that testimony "did not specifically address equivalents or compare [the accused] product to the patented method on a limitation-by-limitation basis"). Significantly, because no Cequent witness testified that the Bulldog kit has an equivalent to the second cross member, no such required testimony exists. And MCB cannot rely on its attorney's argument that the Bulldog kit's drive shaft is "equivalent" to the missing "second cross member" because MCB cites no testimony or other evidence to support that incorrect argument. (MCB Opp. at 11.)

Accordingly, summary judgment of no infringement under the doctrine of equivalents is appropriate based on a lack of evidence.

2. _Claim Vitiation Separately Precludes Application Of DOE_

In addition, as a matter of law, the Bulldog kit's drive shaft cannot be equivalent to the "second cross member" because that would vitiate the "affixed to" limitation present in every claim of the '331 patent. The "doctrine of equivalents does not apply if applying the doctrine would vitiate an entire claim limitation." _Asyst Technologies, Inc. v. Embrak, Inc._, 402 F.3d 1188, 1195 (Fed. Cir. 2005). Thus, summary judgment on DOE is proper when, as here, its application would vitiate a claim limitation. _See id._ (affirming summary judgment of no infringement). For example, in _Asyst_, the Federal Circuit affirmed summary judgment of non-infringement because the "doctrine of equivalents cannot be extended to reach an 'unmounted' system such as the [accused product] without vitiating the 'mounted on' limitation." _Id._; _see also Sage Prods., Inc. v. Devon Indus., Inc._, 126 F.3d 1420, 1429 (Fed. Cir. 1997) (affirming summary judgment of non-infringement because DOE cannot be extended to reach a device having a slot inside container without vitiating the limitation requiring the slot at the "top of the container").

Each claim of the '331 patent requires that both "cross members" be "affixed to" an "end portion" of the "drive shaft." Equating the Bulldog kit's drive shaft to the missing "second cross member" would vitiate and render meaningless the "affixed to" claim limitation because the drive shaft cannot be "affixed to" itself. In short, DOE cannot be extended to the Bulldog kit without vitiating the claim limitations requiring a "drive shaft" "affixed to" two separate "cross members." Thus, DOE is

not available as a matter of law, and the Court should enter summary judgment of non-infringement under the DOE on this independent basis.

## V.    MCB Failed to Establish Any Cequent Pre-Litigation Knowledge Of The '331 Patent Or Of MCB's Infringement Allegations

Cequent's summary judgment motion relied on its lack of pre-suit knowledge of the '331 patent to establish that, as a matter of law: (i) MCB cannot recover any alleged pre-filing infringement damages; and (ii) MCB cannot prove any pre-filing induced or contributory infringement because both claims require knowledge of the patent. (Cequent SJ Br. at 19-21.) In response, MCB argues there is a dispute as to whether Cequent knew the Easy Lift had been marked "patent pending." (MCB Opp. at 14.) But whether or not Cequent knew MCB had a patent pending is immaterial and, therefore, such an alleged fact dispute cannot avoid summary judgment on these issues. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[f]actual disputes that are irrelevant or unnecessary" do not matter for summary judgment).

As to pre-filing damages, the patent marking statute requires patentees to mark "the word 'patent' or the abbreviation 'pat.', _together with the number of the patent_." 35 U.S.C. § 287(a) (emphasis added). "In the event of failure so to mark no damages shall be recovered by [MCB] in any action for infringement, except on proof that the infringer was notified . . . in which event damages may be recovered only for infringement occurring after such notice." *Id.* MCB admits that it never marked its products with the number of the '331 patent after it issued. (MCB Br. at 14 ("MCB was never able to sell its motors stamped with its patent number.").

Thus, summary judgment of no pre-filing damages is appropriate, regardless of whether Cequent knew there was a patent pending.

As to the knowledge requirement for MCB's induced and contributory infringement claims, MCB's argument that its "patent pending" marking was sufficient to give notice to Cequent of an issued patent is contrary to law. *See State Indus. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("A 'patent pending' notice gives one no knowledge whatsoever. It is not even a guarantee that an application has been filed.  Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable"); *Lift-U v. Ricon Corp.*, 10-CV-01850-LHK, 2012 WL 5303301 (N.D. Cal. Oct. 25, 2012) (granting partial summary judgment that Ricon did not willfully infringe as "mere knowledge that a product is labeled 'patent pending' does not support a finding of willfulness"). MCB's opposition confirms that it has no evidence that Cequent knew of the '331 patent prior to MCB filing the lawsuit. Thus, summary judgment of no pre-filing induced or contributory infringement is proper.

## Conclusion

For the foregoing reasons and for those set forth in Cequent's memorandum in support (ECF # 67), the Court should grant Cequent's motion for summary judgment (ECF # 66) to Cequent on all of plaintiffs' remaining claims.

Dated: June 28, 2013

Respectfully submitted,

By:   /s/ Matthew J. Cavanagh

McDonald Hopkins LLC
David B. Cupar
Matthew J. Cavanagh
600 Superior Ave., East, Suite 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Attorneys for*
*Cequent Performance Products, Inc.*

<u>Certificate Of Service</u>

I hereby certify that on June 28, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Chris Stewart
arklaw@comcast.net

Luther Oneal Sutter
luthersutter.law@gmail.com

James M. Scurlock
james.scurlock@gmail.com

  /s/ Matthew J. Cavanagh
Matthew J. Cavanagh
*Attorney for*
*Cequent Performance Products, Inc.*

{4378968;}