**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

DANNY MCGLOTHLIN and MCB SALES                                                                  PLAINTIFFS
& INSTALLATION SERVICES, INC.

v.                                         NO. 1:11CV00055 JLH

CEQUENT PERFORMANCE PRODUCTS, INC.                                     DEFENDANT

**OPINION AND ORDER**

Danny McGlothlin and MCB Sales & Installation Services, Inc., brought this action against Cequent Performance Products, Inc., seeking monetary damages and injunctive relief for patent infringement, patent interference, misappropriation of trade secrets in violation of the Trade Secrets Acts of Arkansas and Wisconsin, violations of the Arkansas Deceptive Trade Practices Act, and tortious interference with contractual relations, as well as a declaratory judgment that two of the patents belonging to Cequent Performance Products, Inc., are invalid. McGlothlin is the named inventor of United States Patent No. 7,311,331, a utility patent that claims a powered jacking device that can be installed on a trailer and used to raise or lower the trailer. He assigned the patent to MCB Sales, which began marketing the device as the Easy Lift Motorized Jack System. MCB Sales attempted to sell the Easy Lift to Sundowner Trailers, Inc., which informed MCB Sales that it would not buy Easy Lifts for its trailers unless Cequent tested them first. Cequent tested the Easy Lift and determined that the powered jacking device was too strong and might damage the Cequent-made Bulldog jacks on the Sundowner trailers. Not long thereafter Cequent began selling its own powered jacking device, the Bulldog Drive Kit, designed specifically for use on Cequent's 12,000-pound Bulldog jacks.

At the pleading stage, the Court dismissed without prejudice all of the plaintiffs' claims except their claims that Cequent's Bulldog Drive Kit infringed the #331 patent and that Cequent misappropriated the plaintiffs' trade secrets. After discovery, Cequent moved for summary judgment on those claims. The plaintiffs conceded that summary judgment should be granted on the trade secrets claims but contested summary judgment with respect to the patent infringement claims. The plaintiffs failed, however, to provide evidence necessary to show a genuine issue of material fact as to the patent infringement claims, and the Court therefore granted summary judgment on those claims, as well.

Cequent has now moved for an award of attorneys' fees under four statutes, 35 U.S.C. § 285, 28 U.S.C. § 1927, Ark. Code Ann. § 4-75-607(1), and Wis. Stat. § 134.90(4)(c), as well as under the Court's inherent authority. Cequent asks the Court to award fees totaling $153,273.70[1] and to require the plaintiffs and their lawyers to reimburse those fees.

Thirty-five United States Code section 285 provides, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." The Federal Circuit has explained:

> A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions. Absent misconduct in the conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless.

---

[1] Cequent obtained permission to file under seal the invoices supporting this request but never filed them.

*Brooks Furniture Mfg. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005) (citations omitted). *See also Raylon LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1370 (Fed. Cir. 2012). Moreover:

> There is a presumption that the assertion of infringement of a duly granted patent is made in good faith. Thus, the underlying improper conduct and the characterization of the case as exceptional must be established by clear and convincing evidence.

*Brooks Furniture Mfg.*, 393 F.3d at 1382 (citations omitted).

Here, the plaintiffs engaged in no misconduct during the litigation or the procurement of the patent. The plaintiffs have submitted affidavits from the inventor, Danny McGlothlin, as well as his attorneys, Luther Oneal Sutter and Chris Stewart. The affidavits, the veracity of which the Court credits, demonstrate that the litigation was not brought in subjective bad faith. Thus, this is not an exceptional case in which fees may be awarded pursuant to 35 U.S.C. § 285.

The two state statutes, Ark. Code Ann. § 4-75-607(1) and Wis. Stat. § 134.90(4)(c), likewise require bad faith as a prerequisite for an award of attorneys' fees. Because this action was not brought in bad faith, attorneys' fees will not be awarded under those statutory provisions.

The more difficult issue arises under 28 U.S.C. § 1927, which provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." According to the Eighth Circuit, sanctions under section 1927 are warranted when an attorney's conduct "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the Court."[2] *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1011 (8th Cir.

---

[2] The Federal Circuit reviews motions for sanctions under 28 U.S.C. § 1927 pursuant to the law of the regional circuit in which the case originated. *Nystrom v. TREX Co., Inc.*, 424 F.3d 1136, 1141 (Fed. Cir. 2005).

2006) (quoting *Tenkku v. Normandy Bank*, 348 F.3d 737, 743 (8th Cir. 2003)). "The imposition of sanctions is a serious matter and should be approached with circumspection." *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999) (quoting *O'Connell v. Champion Int'l Corp.*, 812 F.2d 383, 395 (8th Cir. 1999)). "Because section 1927 is penal in nature, it should be strictly construed so that it does not 'dampen the legitimate zeal of an attorney in representing his client.'" *Id.* (quoting *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1416 (5th Cir. 1994)); *see also Nat'l Elev. Insp. Servs. v. Sharpe*, No. 4:13CV00237-KGB, 2013 WL 471169, at *1 (E.D. Ark. Aug. 30, 2013); *Murrin v. Fischer*, No. 07-CV-1295 (PJS/RLE), 2008 WL 540857, at *33 (D. Minn. Feb. 25, 2008). "As a result, losing argument are not always sanctionable ones." *Books Are Fun, Ltd. v. Rosebrough*, 239 F.R.D. 532, 543 (S.D. Iowa 2007).

Here, the plaintiffs' lawyers may have been overly zealous in attempting to find a remedy for a perceived injustice, but they did not disregard their duties to the Court. McGlothlin is a sixty-year-old man who is disabled. While he was still able to work, he invented the Easy Lift system, obtained a patent on it, and assigned the patent to MCB Sales, which he and David Cantrell owned.[3] It appears from the timing of the creation of the Bulldog Drive Kit and the depictions of the Easy Lift system and Cequent's Bulldog Drive Kit, that the idea for Cequent's Bulldog Drive Kit was derived from McGlothlin's invention, even though, as this Court has held, the Bulldog Drive Kit does not infringe McGlothlin's #331 patent. McGlothlin presented the facts to an experienced patent lawyer, Gary Speed, who told him that he had a case but that it would cost $100,000 to pursue it. McGlothlin did not and does not have such resources, so he was unable to proceed until someone in his family brought the situation to the attention of the lawyers who represented him in this case.

---

[3] MCB Sales is now defunct.

Thus, the lawyers who represented the plaintiffs in this case were confronted with a perceived injustice—i.e., that Cequent derived benefit from McGlothlin's invention but did not compensate him or MCB Sales for it—committed against someone who lacks the resources needed to pursue litigation. They took the case on a contingent fee basis and paid their expenses from their own pockets while attempting to find a remedy for this perceived injustice. Their attempts to find a remedy were futile, and perhaps misguided, but this is not a case in which the Court would say that the lawyers' conduct, viewed objectively, intentionally or recklessly disregarded their duties to the Court. To require the plaintiffs' lawyers, or the plaintiffs, to pay Cequent's attorneys' fees would be unduly punitive and could dampen the legitimate zeal of lawyers who devote their time and resources to pursuing justice for impecunious clients.

The heart of the case was the allegation of patent infringement. In response to Cequent's motion for summary judgment, the plaintiffs did not argue that there was literal infringement. Instead, they argued that Cequent's product infringed the patent through the doctrine of equivalents. In making that argument, they relied upon the testimony of the inventor, Danny McGlothlin.[4] McGlothlin provided testimony that the Bulldog Drive Kit performed a function similar to the Easy Lift, but he was unable to provide particularized testimony explaining how the drive shaft in the Bulldog Drive Kit was functionally equivalent to a cross member in the #331 patent. Because the plaintiffs could not present testimony on a limitation-by-limitation basis, the Court concluded that summary judgment should be granted as to the plaintiffs' claims that Cequent's product was the functional equivalent of the patent at issue. *See AquaTex Indus., Inc. v. Techniche Solutions*,

---

[4] The plaintiffs could not afford to retain a patent expert to testify. *See* Document #106-1 at 1; Document #106-2 at 2.

5

479 F.3d 1320, 1328 (Fed. Cir. 2007). While the plaintiffs' argument failed on this narrow point, the Court cannot say that the attorneys acted in disregard of their duties to the Court.

Accordingly, Cequent's motion for attorneys' fees is DENIED. Document #93.

IT IS SO ORDERED this 18th day of October, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE